IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCEL MALACHOWSKI, | § | |
| BOP Register No. 15287-052, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-1764-E-BN |
| | § | |
| FEDERAL BUREAU OF PRISONS, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Marcel Malachowski, a federal prisoner serving a sentence imposed by the Northern District of New York and incarcerated at a facility in the Western District of Oklahoma at the time that he filed this *pro se* action, seeks monetary damages against the Federal Bureau of Prisons ("BOP") and officers or other employees at federal prisons in Oakdale, Louisiana; Big Spring, Texas; Atlanta, Georgia; and Seagoville, Texas based on events that occurred from 2016 to 2018 that he alleges violated his constitutional rights. *See* Dkt. No. 3.

His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown. And Malachowski has moved for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 4, and for court-appointed counsel, *see* Dkt. No. 5.

The undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should dismiss this action without prejudice under 28 U.S.C. § 1406(a).

The undersigned first observes that Malachowski purports to bring his claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Dkt. No. 3 at 7. But he attaches to his complaint correspondence – that he received from counsel for the BOP officed in Grand Prairie, Texas, in this district – regarding an administrative tort claim that he has asserted. *See id.* at 14-15. So his current claims may also implicate the Federal Tort Claims Act ("FTCA).

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). *See Davis v. La. State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b). But "[t]he venue provision for claims under the [FTCA] is 28 U.S.C. § 1402(b), which provides that '[a]ny civil action on a tort claim against the United States ... may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission occurred,'" and "arguably is less flexible than Section 1391(b) in accommodating Plaintiffs' choice of forum." *Andrade v. Chojnacki*, 934 F. Supp. 817, 829 (S.D. Tex. 1996) (footnote omitted).

The acts, events, or omissions underlying Malachowski's claims, spanning several years, occurred in at least three separate judicial districts (and in at least two

divisions of one of those districts).

"When venue is challenged," *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013) – or, like now, when a district court raises the issue of venue sua sponte, *see, e.g., Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) –

> the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a). ... [But a] case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or [Federal Rule of Civil Procedure] 12(b)(3).

*Atl. Marine Constr.*, 571 U.S. at 56.

Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." And it

> allows a transfer where the first forum chosen is improper due to the existence of some obstacle to adjudication on the merits. *[Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967).] The statute specifically refers to "laying venue in the wrong division or district," but a transfer can be made due to the absence of personal jurisdiction in a district where venue is otherwise proper. *See Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985).... [A] division or district may be "wrong" under Section 1406(a) when the original court lacks personal jurisdiction. *Id.*

*Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."); *Hanna v. United States*, Civ. A. No. 19-

- 3 -

12436, 2020 WL 68611, at *2 (E.D. La. Jan. 7, 2020) (considering FTCA claims and Section 1402(b); finding that, "under § 1406(a), 'the Court should first determine the propriety of venue' and if venue is improper, the Court may conduct a transfer of venue analysis"; and transferring claims where plaintiff was not incarcerated in the district and misjoinder was not at issue (quoting *Cabrales-Huerta v. United States*, No. SA-06-CV-878-WRF, 2007 WL 1512025, at *2 (W.D. Tex. May 18, 2007))).

"The district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under § 1406(a)." *LSF4 Loan Invs. I, LLC v. Weingart*, No. 3:06-cv-419-M, 2006 WL 2370803, at *3 (N.D. Tex. Aug. 15, 2006); *see also Carter v. H2R Restaurant Holdings, LLC*, No. 3:16-cv-1554-N-BN, 2016 WL 4507459, at *4 (N.D. Tex. July 15, 2016) ("[C]ourts have consistently understood that they have broad discretion in deciding whether to transfer or dismiss a case based on improper venue." (collecting cases)), *rec. accepted*, 2016 WL 4494370 (N.D. Tex. Aug. 26, 2016).

Here, the interest of justice compels that the Court dismiss Malachowski's case without prejudice under Section 1406. First, to the extent that acts, events, or omissions occurred in Seagoville, venue may be proper as to some claims in the Dallas Division of this district. But, even construing Malachowski's complaint liberally, very few (if any) of his factually plausible allegations are tied to Seagoville. And venue as to the remaining claims – most of the claims – is not proper in the Dallas Division of this district under either Section 1391(b) or Section 1402(b).

Moreover, Malachowski's claims, whether under *Bivens* or the FTCA – against

defendants spread out over the United States and spanning several years – are misjoined.

> [U]nder [Federal Rule of Civil Procedure] 20(a)(2), parties may be joined as defendants if the plaintiff asserts a claim against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." A district court has discretion under Rule 20(a) to control the scope of a lawsuit by limiting the number of defendants a plaintiff may hail into court in a particular case. *Arrington v. City of Fairfield*, 414 F.2d 687, 693 (5th Cir. 1969). In addition, "the creative joinder of actions" by prisoner plaintiffs to avoid the strictures of the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, §§ 804-05, 110 Stat. 1321, 1321-73 to -75 (2006) (codified in relevant part at 28 U.S.C. §§ 1915, 1915A), should be discouraged. *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998).

*Tuft v. Texas*, 397 F. App'x 59, 61 (5th Cir. 2010) (per curiam); *see also Johnson v. Holt*, No. 1:13-CV-1866, 2015 WL 672127, at *22-*23 (M.D. Pa. Feb. 17, 2015) ("Without some further articulation of a unifying theme or thread between these claims, the joinder of these plainly divergent claims in a single lawsuit is inappropriate under Rule 20 of the Federal Rules of Civil Procedure, the rule governing joinder of defendants in federal litigation.... In this case, it cannot be said from the amended complaint that these remaining allegations arise out of the same transaction, occurrence or series of transactions or occurrences. Quite the contrary, these episodes appear to be separate transactions, allegedly committed by different actors at divergent times and places. '[G]iven the hodgepodge of claims raised in the ... complaint,' this Court may properly, in the exercise of its discretion, dismiss this amended complaint, and require Johnson to file separate complaints relating to what seem to be factually distinct claims." (quoting *Boretsky v. Governor of N.J.*, 433 F.

App'x 73, 77 (3d Cir. 2011) (per curiam)).

Particularly considering the PLRA, the Court should not condone Malachowski's "creative joinder of actions." *Tuft*, 397 F. App'x at 61; *cf. Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027, 1030 (11th Cir. 2015) (per curiam) (one's "status as a *pro se* litigant [does] not relieve him of the obligation to comply with Rule 20(a)" (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007))).

For these reasons, the interest of justice does not require that the Court sever Malachowski's various claims and transfer each to the proper division in the proper federal district. Instead, the Court should dismiss this action without prejudice to Malachowski doing the same, if he so chooses.

## Recommendation

The Court should dismiss this action without prejudice under 28 U.S.C. § 1406(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 6, 2020

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE